UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X  **NOT FOR PUBLICATION**
DONALD WILLIAMS,

        Plaintiff,

                                                    MEMORANDUM & ORDER
   against                                        05-CV-539 (NGG)(LB)

THE NEW YORK CITY HOUSING AUTHORITY
and FERVENT ELECTRICAL CONTRACTING,

        Defendants.
----------------------------------------------------------------------X
GARAUFIS, United States District Judge.

      Plaintiff Donald Williams ("Plaintiff" or "Williams") is a *pro se* litigant who has brought suit against the New York City Housing Authority ("Defendant" or "NYCHA") and Fervent Electrical Contracting ("Fervent" or "Defendant") under 42 U.S.C. § 1983, alleging that Fervent fraudulently and illegally rescinded an offer of employment in violation of Section 3 of the Housing and Urban Development Act of 1968.

      Defendants NYCHA and Fervent move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. For the reasons set forth below, Defendant NYCHA's motion is GRANTED, and Plaintiff's complaint is dismissed with prejudice as to both defendants.

**I.    Background**

**A.    Factual Background**

      Plaintiff has been for all relevant periods of this action a resident of the Arverne Public Housing Project in New York City. (Compl. ¶ 2.) In or around 2001, Fervent received a contract from NYCHA pursuant to Section 3 of the Housing and Urban Development Act ("HUD Act") to perform work in the Arverne Public Housing Project (the "HOPE VI Program").

1

(Compl. ¶ 6.) Fervent engaged in a hiring program in accordance with Section 3 of the Act, which expresses a preference for the hiring of public housing residents such as Plaintiff. (Id.)

Between August and October 2001, Plaintiff applied for a security position with Fervent. (Compl. ¶ 7.) On or around September 25, 2001, Defendant Fervent notified Defendant that it was offering Plaintiff a position at the HOPE VI Program site through the Manager of the Arverne Public Housing Project, Ron Ward. (Compl. ¶ 8.) Later, when Plaintiff inquired to Ward about the position, Ward stated that Fervent informed him that Plaintiff should wait until after the holiday season. (Compl. ¶ 12.) During this time, Plaintiff learned that Fervent laid off all new hires from the surrounding public housing projects. (Compl. ¶ 14.) On December 4, 2001, Plaintiff inquired again about the position, and was told that there were no available positions. (Compl. ¶ 15.)

In 2002, Plaintiff filed a complaint with the U.S. Department of Housing and Urban Development ("HUD"), which found on January 15, 2004 that Plaintiff failed to show that Fervent sought to fill a security guard position. (Compl. ¶¶ 16-17.) Plaintiff filed this Complaint on January 28, 2005 seeking from the Defendants $70,000 in damages, interest, and costs. (Compl. ¶ 20.)

**B.     Pending Motions**

Defendants now move to dismiss the complaint for failure to state a claim. Defendant NYCHA claims that Section 3 of the HUD Act does not confer a private right of action to Plaintiff, and that Plaintiff's claims fail under the applicable statute of limitations. (NYCHA Mem. Supp. Mot. Dismiss, at 3-12.) Defendant Fervent argues that the Plaintiff's allegations, even if accepted as true, do not amount to an enforceable contract for employment, and that Plaintiff failed to exhaust administrative remedies. (Fervent Mem. Supp. Mot. Dismiss, at 4-8.)

Plaintiff cross-moves to amend the complaint for injunctive relief, to restate the allegations as a violation of Section 1983, and for oral argument. (Pl. Mem. Supp. Mot. Dismiss, at 3-11.)

## II. Discussion

### A. Standard of Review

In reviewing a motion to dismiss for failure to state a claim brought pursuant to Fed R. Civ. P. 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff. See Albright v. Oliver, 510 U.S. 266, 268 (1994); Burnette v. Carothers, 192 F.3d 52, 56 (2d Cir. 1999). The complaint may be dismissed only if "it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hoover v. Ronwin, 466 U.S. 558, 587 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In deciding such a motion, the "issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996) (internal quotations omitted).

Because plaintiff is proceeding *pro se*, his pleadings must be read liberally and interpreted as raising the strongest arguments they suggest. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

### B. Motion to Amend

As a preliminary matter, I note that Plaintiff moved to amend the Complaint to add a 42 U.S.C. § 1983 claim. As claims by *pro se* plaintiffs are to be liberally construed, I find that this

amendment should be granted in the interests of justice. See Fed. R. Civ. P. 15(a) ("a party may amend the party's pleading . . . by leave of court . . . and leave shall be freely given when justice so requires."). I therefore consider Plaintiff's claim as one arising under 42 U.S.C. § 1983.[1]

**C.     Motion to Dismiss**

Title 42 of the United States Code, Section 1983 allows citizens to sue a state official for the depravation of "any rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983. Section 1983 does not create new rights; it merely provides a mechanism "for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citations omitted). "In order to maintain a section 1983 action, two essential elements must be present: (1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citations omitted). Section 3 of the Housing and Urban Development Act of 1968, as amended, states that "the Secretary [of HUD] shall require that public . . . housing agencies, and their contractors and subcontractors, make their best efforts, consistent with existing Federal, State, and local laws and regulations, to give low-income and very-low income persons the training and employment opportunities generated by" certain HUD funding. 12 U.S.C. § 1701u(c)(1)(A). "[R]esidents of the housing developments for which the assistance is expended" receive priority in hiring for work projects undertaken in public housing. Id. at (c)(1)(B)(i).

---

[1] I note also that Defendant Fervent objected to Plaintiff's response to its motion as untimely filed. Plaintiff moved for this court to accept Plaintiff's response as having been inadvertently filed late. For the same reasons that I grant Plaintiff's motion to amend, I accept Plaintiff's explanation for the late filing and I grant *nunc pro tunc* his request for an extension.

4

Plaintiff contends that Defendants are state actors, and that Defendants' refusal to employ Plaintiff in a Section 3 work site constituted a violation of Section 3 of the HUD Act, which is enforceable through Section 1983. Courts have in the past permitted public housing residents to assert a private right of action under Section 3 to challenge certain practices by state actors. See, e.g., Stanley Price v. Housing Authority of New Orleans, No. 01-3016, 2002 U.S. Dist. LEXIS 19553, at *7-*8 (E.D. La. Oct. 11, 2002); Milsap v. U.S. Dep't of HUD, No. 4-89-635, 1990 U.S. Dist. LEXIS 13945, at *24-*25 (D. Minn. Oct. 18, 1990); Drake v. Crouch, 377 F. Supp. 722, 728-29 (M.D. Tenn. 1971). However, Defendant NYCHA correctly notes that although those courts assumed that Section 3 created an implied right of action, since 2002 the Supreme Court has limited the circumstances in which a law impliedly creates a right of action for private litigants to challenge its violation pursuant to § 1983. Private litigants may not enforce a statute's provisions unless Congress creates a private right of action in the text of the statute that "unmistakenly focuses on the benefitted class." Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (law that required agency to use "reasonable efforts" found not to have impliedly created an enforceable right of action under Section 1983).

Even assuming *arguendo* that a right of action exists under Section 3 of the HUD Act made enforceable through Section 1983, Plaintiff's action nevertheless cannot stand, as he is barred by the applicable statute of limitations from maintaining this lawsuit. In New York, the statute of limitations for Section 1983 claims is three years. Connolly v. McCall, 254 F.3d 36, 40-41 (2d Cir. 2001). A Section 1983 claim accrues when the plaintiff learns or has reason to learn of the alleged injury that is the basis of the action. Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994).

According to Plaintiff, the first time that he learned that his offer of employment had been rescinded was on December 4, 2001. (Compl. ¶ 15.) It is uncontested that Plaintiff filed his Complaint on January 28, 2005. As the Complaint was filed over three years after he learned of the alleged injury, Plaintiff is barred by the statute of limitations from maintaining this action.

Defendant's argument that the statute of limitations was tolled for the period in which he filed an administrative complaint is unavailing. (Def.'s Aff't Opp. Mot., dated Feb. 10, 2006, at 3.) Department of Housing and Urban Development regulations provide that Section 3 residents may file complaints regarding the HUD Act noncompliance of Section 3 funding recipients. 24 C.F.R. § 135.76(a)(1). However, the regulation setting forth the complaint form and procedures contains no tolling provision. Rather, the regulations explicitly state that "nothing in subpart D [regarding complaint form and process] precludes a section 3 resident . . . from exercising the right, which may otherwise be available, to seek redress directly through judicial procedures." 24 C.F.R. § 135.76(j). Furthermore, Plaintiff has not alleged any reason, and this court finds none, why the statute of limitations should be equitably tolled. See Cole v. Miraflor, No. 02-Civ.-9981, 2006 U.S. Dist. LEXIS 7050, at *22 (S.D.N.Y. Feb. 23, 2006) (Equitable tolling only applies when plaintiff pleads with particularity "(1) the wrongful concealment by the defendant of its actions; (2) the failure by the plaintiff to discover the operative facts underlying the action within the limitations period, and (3) the plaintiff's due diligence to discover the facts."). Accordingly, Plaintiff's Complaint must be dismissed for failure to state a claim because it is barred by the statute of limitations.[2]

---

[2] As Plaintiff's claims are barred by the statute of limitations, Plaintiff's motion to amend his Complaint to seek injunctive relief is denied.

## IV. CONCLUSION

Defendant NYCHA's motion to dismiss is GRANTED. The Complaint is dismissed with prejudice as to both Defendants.

The court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: March 3, 2006  /s/ Nicholas G. Garaufis
      Brooklyn, NY  NICHOLAS G. GARAUFIS
                         United States District Judge